18891

John M. WILLIAMS, Appellant, v. BOYLE CONSTRUCTION COMPANY and Blythe Brothers Company, and the Travelers Insurance Company, Respondents.

(166 S. E. (2d) 550)

388

*Jack H. Page, Esq.* of Conway, *for Appellant,*

*Messrs. Suggs & McCutcheon,* of Conway, *for Respond-ents,*

*Jack H. Page, Esq.,* of Conway, *for Appellant, in reply,*

March, 17, 1969.

LEWIS, Justice.

This is a claim under the Workmen's Compensation Act for additional medical expenses. The claimant-employee sustained a compensable injury which resulted in his becoming a paraplegic. His condition is incurable and the

Industrial Commission has found that he is totally and permanently disabled within the meaning of the act. The employer and carrier concede liability for total and permanent disability benefits and for medical expenses incurred during the first ten weeks from the date of the injury, the latter provided in Section 72-305 of the 1962 Code of Laws, but deny liability for any medical expenses beyond that date. This appeal is from an order of the lower court reversing an award by the Commission directing that such additional medical treatment be provided for the employee.

The applicable provisions of the Workmen's Compensation Act, requiring that medical expenses be furnished an injured employee who sustains a compensable injury, are set forth in Section 72-305, supra, the pertinent portions of which are as follows:

"Medical, surgical, hospital and other treatment, including medical and surgical supplies as may reasonably be required, for a period not exceeding ten weeks from the date of an injury to effect a cure or give relief and for such additional time as in the judgment of the Commission will tend to lessen the period of disability and, in addition thereto, such original artifical members as may be reasonably necessary at the end of the healing period shall be provided by the employer. In case of a controversy arising between employer and employee, the Commission may order such further medical, surgical, hospital or other treatment as may in the discretion of the Commission be necessary."

These statutory provisions impose liability on an employer to pay such medical expenses of an injured employee for a period of ten weeks from the date of injury as may be reasonably required to effect a cure or give relief. However, there is no liability to furnish medical treatment for an additional time unless it "will tend to lessen the period of disablity." The term *disability,* as used in the act, "means incapacity because of injury to earn the wages which the employee was receiving at the time of

injury in the same or any other employment," Sections 72-2 and 72-10 of the 1962 Code of Laws. *Millwood v. Firestone Cotton Mills,* 215 N. C. 519, 2 S. E. (2d) 560.

■ While the position is taken by the claimant that the second sentence of the above quotation from Section 72-305 authorizes the Commission to order such additional medical treatment, beyond the first ten weeks, as it may find *necessary,* we think that the two quoted sentences must be construed together and, when so considered, the Commission can order the payment of medical expenses incurred beyond the first ten weeks after the injury only where there is evidence to sustain the conclusion that such additional medical treatment "will tend to lessen the period of disability." *Millwood v. Firestone Cotton Mills, supra; Trudeau v. U. S. Rubber Co.,* 92 R. I. 324, 168 A. (2d) 459.

It is to be noted that the statute does not require that the additional medical treatment will lessen the period of disability, but only requires that it will *tend* to do so. The word "tend" is defined in Black's Law Dictionary, Fourth Edition, page 1637, as follows: "To have a leaning; serve, contribute, or conduce in some degree or way, or have a more less direct bearing or effect; to be directed as to any end, object, or purpose; to have a tendency, conscious or unconscious to any end, object or purpose."

■ Therefore, in order to sustain the award for additional medical treatment it is necessary that there be competent evidence to show that the treatment is conducive to lessening the period of disability and that there is a reasonable basis upon which to conclude that the result will be accomplished. It must not rest solely on conjecture.

■ The Industrial Commission has found as a fact that the medical treatment in question will tend to lessen the period of claimant's disability. Under settled principles, this finding of fact is binding upon both this Court and the lower court if there is any competent evidence reasonably tending to support it. Our inquiry then is

whether, viewing the evidence in the light most favorable to claimant, there is any competent evidence to sustain the award for additional medical benefits. If there is, the lower court must be reversed and the award of the Commission sustained.

The claimant, 56 years of age, sustained a compensable injury on January 30, 1967, which severed his spinal cord and caused a paralysis of the legs and and lower parts of the body. He is a paraplegic by reason of the injury. Control of his bowel and bladder movements was impaired and this condition requires rather constant medication and treatment to prevent infection in those areas. The medical testimony is to the effect that if he does not receive this medical attention "he would probably be dead in a month or two." He was bedridden after the injury and required constant attention and the aid of other persons in toileting, dressing, eating, preparing for bed, and general mobility.

Since his injury, claimant has required constant and intensive medical treatment, including medicines, nursing services, appliances, therapeutic disciplines, and general medical supervision, some of which have been necessary to sustain life and some of a rehabilitative nature.

Although claimant has lost the use of his legs, he has good use of his hands, arms and upper body, and is mentally alert. He has responded favorably to medical treatment and training given to eliminate the difficulities associated with his bodily elimination processes and to make him less dependent upon the aid of others in this respect. His physical condition has been improved to the extent that he is no longer completely bedridden and is able to get into a wheel chair.

The medical testimony shows that paraplegics can be taught to be self-sufficient and that there are modern medical disciplines and care, including rehabilitative training, which will reduce the degree of disability to the extent that paraplegics can return to gainful employment. The extent to

which a paraplegic can be restored to his former earning capacity admittedly depends to a large extent upon the particular individual involved. While the present claimant is somewhat handicapped by his prior educational opportunities, we cannot say under this record that there is no basis for a reasonable expectation that the period of claimant's disability will be lessened if the additional medical treatment is afforded.

The fact that the claimant has responded favorably to the treatment thus far afforded him and the availability of further medical treatment which is reasonably calculated to restore him to a state of self-sufficiency supports the finding of the Industrial Commission that the additional medical treatment in question will tend to lessen the period of his disability, within the meaning of the Workmen's Compensation Act.

The judgment of the lower court is accordingly reversed and the award of the Industrial Commission affirmed.

Reversed and remanded.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.