20259

Ronald E. RICE, Jr., Respondent, v. FROEHLING & ROBERTSON, INC., and American Mutual Liability Insurance Company, Appellants.

(226 S. E. (2d) 705)

*Messrs. Horton, Drawdy, Marchbanks, Ashmore, Chap-man & Brown,* of Greenville, *for Appellants,*

*Messrs. Watkins, Vandiver, Kirven, Long & Gable,* of Anderson, *for Respondent,*

July 15, 1976.

Ness, Justice:

The Industrial Commission awarded respondent medical benefits to be paid by appellants, respondent's former employer and its insurance carrier. Respondent applied for continued medical treatment performed and to be performed after his employer had paid the maximum income compensation recoverable under applicable Workmen's Compensation coverage. The Single Commissioner's recommendation was adopted by the Full Commission and sustained by the Circuit Judge.

The employer contends: that the Commission was without jurisdiction because (1) its authority was terminated when the employer completed payment of income compensation; (2) that the medical treatment will not tend to lessen the respondent's period of disability; and (3) that the award should not have authorized continued and unspecified treatment on an indeterminate basis. We reject the appellants' contentions, except that we agree the general terms regarding future treatment are inadequate and require a remand to the Commission.

Respondent sustained a compensable injury in September, 1966, which rendered him a quadriplegic. Appellants paid the maximum income compensation by July, 1972, and voluntarily paid all medical expenses through October, 1972. On July 1, 1971, respondent became a patient at the Durham Rehabilitation Center and has remained there continuously through March, 1974, the time of the hearing before the Industrial Commissioner. Respondent has incurred medical expenses since October, 1972, and desires to have two operations. The Commission held appellants liable for certain medical treatment received from November 1, 1972, the proposed operations, and any future care rendered by the Durham Rehabilitation Center.

Initially, appellants argue the Industrial Commission lacks jurisdiction because appellants have paid the maxi-

mum income compensation. In effect, appellants argue liability for medical treatment is derivative of liability for income compensation, and, even then, an employer is not responsible for medical treatment beyond ten weeks unless it lessens the employee's period of disability. Appellants define "period of disability" as that period in which the employer is obligated to provide income compensation.

Under the Workmen's Compensation Act, an employer is not responsible for medical treatment for an injured employee which extends beyond ten weeks from the date of the injury unless the treatment "will tend to lessen the period of disability." S. C. Code § 72-305 (1962).[1] Disability is statutorily defined as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." S. C. Code §§ 72-2, 72-10 (1962). The statute does not by its terms equate an employer's liability for medical treatment to any other period of liability, for income compensation or otherwise. It specifically defines the period of disability in terms of the time period in which the employee is statutorily incapacitated. The employer is liable for medical treatment which will tend to lessen the time in which injury renders an employee incapable "to earn the wages which the employee was receiving at the time of injury in the same or other employment." See *Williams v. Boyle Construction Company*, 252 S. C. 387, 166 S. E. (2d) 550 (1969).

In *Williams* the court sustained an award for an incurable paraplegic. It stressed that treatment need not bear a direct and highly correlative relationship to economic rehabilitation; treatment must only "tend" to reduce the period of disability. The court adopted the following definition of "tend" from Black's Law Dictionary:

"To have a leaning; serve, contribute, or conduce in some degree or way, or have a more or less direct bearing

---

[1] This Code section was amended after the injury in the present case. See S. C. Code § 72-305 (1975 Cum. Supp.).

or effect; to be directed as to any end, object, or purpose; to have a tendency, conscious or unconscious to any end, object or purpose."

*Williams v. Boyle Construction Co., supra;* see also *Dykes v. Daniel Construction Co.,* 262 S. C. 98, 202 S. E. (2d) 646 (1974).

The respondent is a quadriplegic with no use of his legs or feet and little use of his arms and hands. He cannot load himself into a wheelchair, but is mobilized by use of a motorized wheelchair, and can perform hunt and peck typing, among other minor activities.

Prior to the accident, claimant had completed some work toward a baccalaureate degree. During the period of restorative care, respondent enrolled in a number of undergraduate courses and recently has maintained almost a straight "A" average. He is majoring in mathematics and aspires to be a mathematician or statistician, or a teacher of the same.

Appellants assert that respondent's physical restrictions are so severe that he could never be employable and, therefore, no medical treatment could "tend" to lessen the period of disability. In *Williams v. Boyle Construction Co., supra,* the court observed:

"The extent to which a *paraplegic* can be restored to his former earning capacity admittedly depends to a large extent upon the particular individual involved. While the present claimant is somewhat handicapped by his prior educational opportunities, we cannot say under this record that there is no basis for a reasonable expectation that the period of claimant's disability will be lessened if the additional medical treatment is afforded." At pp. 392-393, 166 S. E. (2d) at 552. (Emphasis added).

Appellants argue that in *Williams* the Court relied upon the favorable response of the claimant to past medical treat-

ment and, further, that the physical differences between a paraplegic and a quadriplegic are of crucial importance.

In *Williams* the injured employee was a 56 year old former laborer with limited formal education. Necessarily, any realistic job potential would have been as a technician or some skill not requiring use of claimant's lower extremities. Therefore, in reviewing the Commission's award, the court was particularly mindful of potential physical rehabilitation.

In the present case, the claimant is in his early twenties. The qualities of character he has demonstrated support the conclusion that he is capable of acquiring knowledge needed for employment in his now chosen field. He has shown extreme courage, fortitude and desire, resisted temptations for self indulgent pity, and demonstrated the intellectual capacity to attain future gainful employment in an area where his physical handicap might be of minimal significance.

The Commission could have concluded that respondent's success in his educational endeavors, largely dependent upon his intellectual capacity and determination, offers a reasonable expectation of future employability. Accordingly, our review of the evidence, limited to the question of whether there is competent testimony to support a conclusion that the respondent has a reasonable expectation of regaining economic self sufficiency *and* whether the medical treatment sought is conducive to lessening the period of disability, sustains the Commission's finding.

Appellants argue further that the two operations will not "tend" to lessen the period of disability because claimant's physical condition as a quadriplegic will not be changed.

Since the accident respondent has continuously experienced concentrated pain requiring regular medication. The medication, common pain reducing drugs, interferes with

respondent's studying by making him drowsy. One of respondent's physicians has recommended that a device known as a dorsal column stimulator be surgically implanted to reduce the disabling pain to tolerable levels, thereby eliminating the necessity of pain medication.

Another recurring problem suffered by respondent is a chronic urinary infection attributable to a catheter, which is presently needed because respondent is unable to control his bladder functions. Doctors recommend implantation of a bladder stimulator which will artificially control the bladder. This device will reduce the chances of urinary infection.

Appellants are correct in this assertion that neither of these operations will remove the basic physical handicap respondent must overcome. Nevertheless, each is aimed at removing obstacles which presently interrupt respondent's course of training, which is designed to make him economically self sufficient. Accordingly, the operations are reasonably calculated as treatment which will "tend" to lessen his "disability."

Finally, appellants argue the Commission's order for future treatment is too general. The Commission obligated appellants to pay "for such medical costs as will hereafter be incurred by claimant for medical services rendered by the Durham Rehabilitation Center." A separate part of the award deals with the two proposed operations.

There is very little testimony concerning future medical treatment, other than the two operations. In the past, the Durham Center has provided a wide range of treatment. Appellants argue this open ended award does not give them adequate notice or enable a court to review the award; nor does it limit the services to those tending to limit the period of disability. We agree.

Respondent relies upon *Dykes v. Daniel Construction Co., supra,* where this Court refused to remand an award for unspecified future medical treatment. In the *Dykes* case

the proposed treatment related solely to an eye injury and the scope of the treatment was sufficiently narrow that the employer had not been prejudiced by the failure to make a more definitive award.

In the present appeal, future medical treatment could be far ranging. Accordingly, appellants are entitled to a more definitive order. Otherwise, they do not have an opportunity to argue that specific medical care is unnecessary or that the proposed medical care will not tend to reduce the period of disability.

Affirmed in part and remanded in part.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.