518 S.E.2d 289

**Delton R. MUNN, Appellant,**

**v.**

**NUCOR STEEL, Division of Nucor Corp., Employer, and Wausau Insurance Companies, Respondents.**

**No. 2997.**

Court of Appeals of South Carolina.

Heard March 10, 1999.

Decided May 24, 1999.

David W. Keller, Jr., of Turner, Padget, Graham & Laney, of Florence, for appellant.

Andrew E. Haselden and James P. Newman, both of Howser, Newman & Besley, of Columbia, for respondents.

STILWELL, Judge:

In a decision affirmed by the workers' compensation commission and the circuit court, the single commissioner found that Delton R. Munn was not entitled to compensation for medical treatment of a condition not causally related to Munn's workers' compensation injury. Munn appeals and we affirm.

In 1986, Munn injured his back while working as a crane operator for Nucor Steel. Munn was awarded permanent disability benefits and lifetime medical treatment pursuant to S.C.Code Ann. § 42–15–60. Thereafter, in 1995, Munn filed a claim seeking payment for medical bills incurred as a result of treatment for a heart condition, a condition that Munn acknowledged was not causally related to his back injury. The single commissioner denied Munn's claim because the medical treatment was not causally related to Munn's original injury by accident. The full commission and the circuit court affirmed the commissioner's findings.

## SCOPE OF REVIEW

A court may not substitute its judgment for that of an agency as to the weight of the evidence on questions of fact unless the agency's findings are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. *Clade v. Champion Labs.*, 330 S.C. 8, 496 S.E.2d 856 (1998). This court may reverse the commission where its decision is affected by an error of law. *Gilliam v. Woodside Mills*, 319 S.C. 385, 461 S.E.2d 818 (1995).

## DISCUSSION

The applicable statute provides that the employer is required to furnish:

> Medical, surgical, hospital and other treatment ... for a period not exceeding ten weeks from the date of an injury to effect a cure or give relief and for such additional time as in the judgment of the Commission will tend to lessen the period of disability. . . .
>
> In cases in which total and permanent disability results, reasonable and necessary nursing services, medicines, prosthetic devices, sick travel, medical, hospital and other treatment or care shall be paid during the life of the injured employee, without regard to any limitation in this title including the maximum compensation limit.

S.C.Code Ann. § 42–15–60 (1985).

Munn argues the medical treatment needed for his heart condition was "reasonable and necessary" and therefore, compensable. We disagree.

■ Whether or not the legislature intended the term "reasonable and necessary" to include medical treatment for unrelated conditions or injuries is a novel issue in South Carolina. This issue, however, has been addressed in North Carolina. Because South Carolina adopted large portions of North Carolina's workers' compensation legislation, we give great weight to North Carolina's decisions in workers' compensation cases. *Carter v. Penney Tire & Recapping Co.*, 261 S.C. 341, 348, 200 S.E.2d 64, 67 (1973).

In 1992, the North Carolina Court of Appeals interpreted the term "reasonable and necessary" under a similar version of § 42–15–60 to mean that "worker's compensation awards for continuing medical expenses ... contemplate only those reasonable and necessary expenses that are related to the *compensable* injury or injuries." *Errante v. Cumberland County Solid Waste Mgt.*, 106 N.C.App. 114, 415 S.E.2d 583, 587 (1992) (emphasis in original).

Section 42–15–60 does not explicitly state that the medical treatment must be causally related to the original compensable injury. However, the statute does require the employer to furnish medical treatment from the date of "an injury" and thus implies that payment for medical treatment in cases of

permanent disability would be paid only if related to the original compensable injury. *See Pearson v. JPS Converter & Indus. Corp.,* 327 S.C. 393, 489 S.E.2d 219 (Ct.App.1997), *cert. denied,* (Feb. 5, 1998) (holding that § 42–15–60 permitted a permanently disabled claimant to continue receiving medical treatment for a traumatic brain injury incurred in the work-related accident).

Furthermore the general definition of "injury" and "personal injury" under our workers' compensation law "shall mean only injury by accident arising out of and in the course of the employment and shall not include a disease in any form, except when it results naturally and unavoidably from the accident. . . ." S.C.Code Ann. § 42–1–160 (Supp.1998). It naturally follows that any medical treatment claimed under § 42–15–60 must be causally related to the "injury by accident" arising out of and in the course of employment. Consequently, we find the only logical application of § 42–15–60 is that Munn is not entitled to additional benefits because the medical treatment stemming from his heart condition is not causally related to the workers' compensation injury he suffered in 1986.

Munn relies on *Rice v. Froehling & Robertson, Inc.,* 267 S.C. 155, 226 S.E.2d 705 (1976) and *Smith v. American & Efird Mills,* 51 N.C.App. 480, 277 S.E.2d 83 (1981) to support his position that he is entitled to additional benefits. Both cases are distinguishable on their facts. Unlike this case, *Rice* and *Smith* involved claimants who sought medical treatment for injuries directly related to their original compensable injury. These cases did not reach the issue of whether a claimant is entitled to lifetime medical treatment where the treatment is unrelated to the original compensable injury.

For the foregoing reasons, the decision of the circuit court is

**AFFIRMED.**

HEARN and HOWARD, JJ., concur.