564 S.E.2d 339

Teresa Ann ADKINS, Claimant, Appellant,

v.

GEORGIA–PACIFIC, CORPORATION, Self–Insured Employer, Respondent.

No. 3477.

Court of Appeals of South Carolina.

Heard March 13, 2002.

Decided April 15, 2002.

Rehearing Denied June 20, 2002.

Frank A. Barton and H. Wayne Floyd, West Columbia, for appellant.

Grady L. Beard, of Sowell, Gray, Stepp and Laffitte, Columbia, for respondent.

HOWARD, J.

In this worker's compensation action, Teresa Ann Adkins appeals from a circuit court order reversing the full commission's award of future medical costs for recurring ear infections resulting from an admitted injury to Adkins's right ear. We reverse and reinstate the award of the full commission.

## FACTS/PROCEDURAL HISTORY

Adkins was employed by Georgia–Pacific Corporation ("GPC"). On August 22, 1994, Adkins's right eardrum was perforated when a nail gun discharged compressed air in close proximity to her right ear. GPC admitted Adkins suffered an

injury to her right ear in the course of and arising out of her employment.

According to Adkins's treating physician, Adkins reached maximum medical improvement ("MMI") with no permanent disability.[1] The physician explained Adkins suffered a weakening of the tympanic membrane as a result of the perforation of the eardrum, which caused a small hole to reappear from time to time, leading to chronic ear infections. However, the physician opined these infections could be controlled by medication, eliminating nausea and dizziness and allowing Adkins to work at her normal occupation without interruption.

The single commissioner ruled Adkins had no permanent physical disability, but was nevertheless entitled to ongoing medical benefits for her chronic condition. He premised this award upon his finding that the work-related injury weakened Adkins's tympanic membrane, making it susceptible to periodic infections. The commissioner further found this condition was painful and troublesome, but did not interfere with Adkins's ability to work, except during those times when the infection flared up. Finally, the commissioner determined Adkins reached MMI on April 24, 1998. The full commission adopted the single commissioner's report as its final decision.

GPC appealed the award to the circuit court, arguing South Carolina Code Annotated section 42-15-60 (1985) only allows for future medical costs beyond ten weeks when the commission finds these benefits will tend to lessen the period of disability. Because the full commission ruled Adkins had no disability, GPC contended there was no basis for the conclusion that future medical benefits would tend to lessen the period of disability.

The circuit court agreed with GPC, ruling Adkins was not entitled to future medical costs. Adkins appeals.

## STANDARD OF REVIEW

■ The Administrative Procedures Act establishes the standard of review for decisions by the South Carolina Work-

---

1. Although neither party could agree on what date Adkins reached MMI, they both acknowledged during oral argument that the issue was moot. Therefore, we need not address it.

ers' Compensation Commission. *Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981). An appellate court may reverse or modify a decision if the findings or conclusions of the commission are "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." S.C.Code Ann. § 1–23–380(A)(6) (Supp.2001); *see Adams v. Texfi Industries,* 341 S.C. 401, 404, 535 S.E.2d 124, 125 (2000).

## DISCUSSION

 The circuit court concluded future medical costs could not be awarded to Adkins because the full commission determined she suffered no permanent disability. We disagree.

Once it is determined the claimant suffered a compensable injury, South Carolina law provides future medical costs can be awarded if the commission determines the award will tend to lessen the time during which the claimant is unable to earn, in the same or other employment, the wages he or she received at the time of the injury. *See* S.C.Code Ann. § 42–15–60 (1985) (indicating an employer must provide "[m]edical, surgical, hospital and other treatment ... for a period not exceeding ten weeks from the date of an injury ... and for such time as in the judgment of.the Commission will tend to lessen the period of disability"); *Rice v. Froehling & Robertson, Inc.,* 267 S.C. 155, 159, 226 S.E.2d 705, 706 (1976); *see also Dykes v. Daniel Constr. Co.,* 262 S.C. 98, 110, 202 S.E.2d 646, 652 (1974) (holding a claimant who sustained a one hundred percent loss of vision to his eye was nevertheless properly awarded future medical treatment because it controlled his pain and, therefore, tended to lessen the period of disability within the meaning of section 42–15–60).

In *Rice,* 267 S.C. at 159, 226 S.E.2d at 706, our supreme court held section 42–15–60 equated the liability of an employer to the time during which an employee is statutorily incapacitated. In *Rice,* the claimant sought to be paid for medical expenses tending to lessen his pain and dependency on catheterization. The employer contested Rice's claim arguing Rice had already received all weekly compensation to which he was entitled based on his one hundred percent disability rating. Nevertheless, our supreme court upheld the commission's determination that the treatment would tend to lessen the

period of disability because it allowed him to become more economically self-sufficient.

In *Dodge v. Bruccoli, Clark, Layman, Inc.*, 334 S.C. 574, 580, 514 S.E.2d 593, 596 (Ct.App.1999), this Court considered limitations placed on the award of future medical expenses. In that case, the commission awarded future medical expenses for management of the claimant's pain medication because it permitted him to take less pain medicine, thus, allowing him to work. On appeal, the employer in *Dodge* argued section 42–15–60 did not apply because the claimant had reached MMI. This Court disagreed. Substantial evidence in that record supported the commission's conclusion that future medical treatment would tend to lessen the time during which the claimant would be statutorily incapacitated.

In the present case, the treating physician testified by deposition that Adkins's injury weakened her tympanic membrane, making it difficult for the original hole in the membrane to heal. Thus, when the pressure on the membrane changes the wound reopens, resulting in drainage and infection. These infections cause dizziness and nausea, affecting Adkins's ability to work. The treating physician opined Adkins's condition would not be disabling in the future if the infections were controlled with medication.

Given these circumstances, the evidence supports the full commission's finding that even though Adkins is not disabled, future medical treatment would tend to lessen her period of disability by keeping her from becoming disabled.

## CONCLUSION

Since the record contains substantial evidence to support the full commission's award, we find the circuit court erred when it reversed the full commission. *See* S.C.Code Ann. § 1–23–380(A)(6) (Supp.2001); *see Adams v. Texfi Industries*, 341 S.C. at 404, 535 S.E.2d at 125. Therefore, the decision of the circuit court is reversed, and the award of the Workers Compensation Commission is reinstated.

**REVERSED.**

HUFF and STILWELL, JJ., concur.