**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Terrance Satterwhite, Respondent,

v.

Palmetto State Transportation, Employer, Cherokee Insurance Company, Carrier, Appellants.

Appellate Case No. 2015-000691

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2016-UP-450
Submitted September 1, 2016 – Filed November 9, 2016

**REVERSED AND REMANDED**

George D. Gallagher, of Speed, Seta, Martin, Trivett and Stubley, LLC, of Columbia, for Appellants.

Terrance Satterwhite, of Boiling Springs, pro se.

**PER CURIAM:** Palmetto State Transportation (Palmetto) and Cherokee Insurance Company (Cherokee) appeal the order of the Appellate Panel of the South Carolina Workers' Compensation Commission, arguing the Appellate Panel erred in concluding (1) Palmetto was only entitled to nine weeks of credit for overpayment of temporary total disability (TTD), (2) Terrance Satterwhite had not reached maximum medical improvement (MMI), and (3) Satterwhite was entitled

to additional MRIs and an independent medical evaluation. We reverse and remand.

1. We find the Appellate Panel's finding Satterwhite had not reached MMI is unsupported by the substantial evidence in the record when the only medical opinion indicated Satterwhite attained MMI. *See Frame v. Resort Servs. Inc.*, 357 S.C. 520, 527, 593 S.E.2d 491, 494 (Ct. App. 2004) (stating the substantial evidence rule governs the standard of review in a workers' compensation decision). The lack of a second medical opinion or Satterwhite's continued complaints of pain does not render Dr. Phillip J. Hodge's conclusion that Satterwhite had reached MMI invalid; Dr. Hodge treated Satterwhite, performed his surgery, monitored the progress of his work conditioning, and considered the results of his functional capacity evaluation, which indicated he could "work in a heavy demand category." *See Hall v. United Rentals, Inc.*, 371 S.C. 69, 89, 636 S.E.2d 876, 887 (Ct. App. 2006) ("MMI is a term used to indicate that a person has reached such a plateau that, in the physician's opinion, no further medical care or treatment will lessen the period of impairment."); *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981) ("'Substantial evidence' is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action."). We remand for a determination of permanent partial disability. *See Curiel v. Envtl. Mgmt. Servs. (MS)*, 376 S.C. 23, 29, 655 S.E.2d 482, 485 (2007) ([P]ost-MMI benefits may then be awarded either as a permanent total or partial disability, or as a percentage of impairment to a scheduled member.").

2. We find the Appellate Panel erred in awarding a credit for overpayment of TTD as of July 17, 2013, when the evidence indicates Satterwhite reached MMI on January 28, 2013. *See Curiel*, 376 S.C. at 29, 655 S.E.2d at 485 ("Essentially, workers' compensation benefits accrue along a time continuum: temporary total disability benefits are available from the date of injury through the date of [MMI]; post-MMI benefits may then be awarded either as a permanent total or partial disability, or as a percentage of impairment to a scheduled member."); S.C. Code Ann. § 42-9-210 (2015) ("Any payments made by an employer to an injured employee during the period of his disability . . . , which by the terms of this title were not due and payable when made may, subject to the approval of the [Appellate Panel], be deducted from the amount to be paid as compensation . . . ."); *Hendricks v. Pickens Cty.*, 335 S.C. 405, 414, 517 S.E.2d 698, 703 (Ct. App. 1999) ("Once the [Appellate Panel] affirmed that [the employee] had reached MMI, it was then appropriate to terminate TTD benefits in favor of either permanent partial

or permanent total disability benefits, if warranted by substantial evidence in the record.").  We therefore reverse the Appellate Panel's award of a credit for overpayment of TTD from only July 17, 2013, and order a credit of overpayment from January 28, 2013.

3.  We find the Appellate Panel erred in ordering an independent medical evaluation and additional MRIs when the record contains no evidence additional treatment would tend to lessen the period of disability.  Dr. Hodge specifically indicated Satterwhite had reached MMI and opined he would "not need future medical care related to his . . . work related injury or illness based on a reasonable degree of medical certainty."  *See* S.C. Code Ann. § 42-15-60(A) (2015) ("The employer shall provide medical, surgical, hospital, and other treatment . . . for an additional time as in the judgment of the [Appellate Panel] will tend to lessen the period of disability *as evidenced by expert medical evidence stated to a reasonable degree of medical certainty*." (emphasis added)); *Hall*, 371 S.C. at 82, 636 S.E.2d at 883 ("The medical benefits provision of the Workers' Compensation Act allows the Appellate Panel to award medical benefits beyond ten weeks from the date of injury only where it determines such medical treatment would tend to lessen the period of disability."); *Dodge v. Bruccoli, Clark, Layman, Inc.*, 334 S.C. 574, 583-84, 514 S.E.2d 593, 598 (Ct. App. 1999) (noting the testimony by the claimant *and the physicians* that the claimant needed permanent treatment to function but remanding to the Appellate Panel for a determination of whether additional payments tended to lessen his period of disability); *Dykes v. Daniel Constr. Co.*, 262 S.C. 98, 109-10, 202 S.E.2d 646, 652 (1974) (finding further medical treatment would "tend to lessen the period of disability" when the doctor testified the claimant's eye condition required permanent care of an ophthalmologist and "continued use of medication to relieve pain and pressure in the eye"); *Adkins v. Ga.-Pac. Corp.*, 350 S.C. 34, 37-38, 564 S.E.2d 339, 340-41 (Ct. App. 2002) (finding evidence supported the Appellate Panel's finding future medical treatment would tend to lessen the period of disability when the treating physician testified the claimant's "condition would not be disabling in the future if the [resulting] infections were controlled by medication").

**REVERSED AND REMANDED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.