**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Samuel Rose, Employee, Respondent,

v.

JJS Trucking, Uninsured Employer,

and

Chris Thompson Services, Upstream Employer, Bridgefield Casualty Insurance Company, and South Carolina Uninsured Employers' Fund, Carrier, all of whom are Appellants.

Appellate Case No. 2019-001357

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2022-UP-325
Heard June 9, 2022 – Filed August 10, 2022

———————

**AFFIRMED**

———————

Timothy Blair Killen, of Holder, Padgett, Littlejohn & Prickett, LLC, of Mt. Pleasant, Amy V. Cofield, of Amy V. Cofield Attorney at Law, of Lexington, and Lisa C. Glover, of South Carolina State Accident Fund, of Lexington, for Appellant South Carolina Uninsured Employers' Fund.

Kirsten Leslie Barr, of Trask & Howell, LLC, of Mt. Pleasant, for Appellants Chris Thompson Services, LLC and Bridgefield Casualty Ins. Co.

Stephen Benjamin Samuels, of Samuels Reynolds Law Firm LLC, of Columbia, for Respondent.

---

**PER CURIAM:** Three entities appeal Samuel Rose's award from the appellate panel of the Workers' Compensation Commission. Those entities are Chris Thompson Services, Bridgefield Casualty Insurance Company, and the South Carolina Uninsured Employers' Fund.

Appellants' arguments can be grouped into two main issues. The first is whether this claim's procedural history barred the commission from addressing Rose's entitlement to benefits. The second is whether substantial evidence supports the commission's awards of future medical benefits and temporary total disability (TTD) benefits. We affirm. The claim is not barred and the record supports the award.

## ALLEGED PROCEDURAL BAR

Appellants argue the commission did not have the authority to address Rose's entitlement to benefits because a series of "conclusions of law" in a single commissioner's 2014 order are the law of the case. The 2014 order found Rose failed to comply with section 42-1-560 of the South Carolina Code (2015)—commonly known as the "third-party statute"—and that Rose forfeited his workers' compensation claim by not providing the commission and the parties with proper notice of a related tort suit. Rose appealed that order. A panel of this court reversed.

We respectfully disagree with Appellants' argument. The only sensible reading of the 2014 order is that it dismissed the claim based on the argument that Rose violated the third-party statute. Appellants point us to conclusions of law summarily stating Rose is not entitled to benefits as of the date he filed a counterclaim in the tort suit under sections 42-9-10, -20, -30, -210, -260, and 42-15-60 of the South Carolina Code (2015). Those are, respectively, the statutes on total disability, partial disability, scheduled recovery, payments made by an employer when they were not due, temporary total disability, and medical treatment.

Nothing in the 2014 order suggests the commission adjudicated that Rose had no viable claim because he did not prove a claim under these particular statutes. The order's entire thrust was that Rose had no claim under these statutes because (in the commission's view) the third-party statute precluded Rose from having any claim at all. There is no doubt about this. The order announced Rose "failed to satisfy the [statute's] mandatory requirements" and "[a]s a result, [Rose] is not entitled to additional benefits under the Act." A previous panel of this court correctly determined that this view was wrong and that it was an abuse of discretion for the commission to blind itself to Rose's attempt to cure the lack of notice and follow the third-party statute. The commission followed the proper course on remand, which was to adjudicate the merits of this case.

Appellants make a related argument that because these conclusions were the law of the case, they lacked notice that the commission would adjudicate the claim's merits on remand.

These conclusions were not the law of the case, as we have explained. They followed from, and were controlled by, the commission's finding on the third-party statute. Appellants argue that Rose did not appeal these conclusions when he appealed the 2014 order. This is not correct. The conclusions were specifically listed in the ninth exception of Rose's request for panel review, recited on pages six and seven of the commission's February 8, 2016 order.

We must work through one more sub-part of the argument that this case's procedure ran amok on remand. This claim was tried in 2013 on Appellants' request to stop paying temporary total disability benefits. The commission did not decide the merits of that request until years later. That delay was because—as noted above—Appellants successfully urged the commission to find that the third-party statute barred Rose's claim.

We respectfully reject Appellants' argument that the commission followed a defective procedure once this court reversed and remanded for this claim's adjudication. There was already a trial record on the stop-pay request. With the skirmish over the third-party statute behind everyone, the case needed an order on the merits.

After this court remanded, the commission issued an administrative order assigning the case to a single commissioner. The record contains inquiries to the single commissioner about whether she would take additional evidence or whether she

would rely on the trial record from 2013. Even so, there was no affirmative request by any of the parties to present additional evidence and reopen the record.

The single commissioner ultimately recused herself and notified the parties that an appellate panel would consider the case. Here again, there was no affirmative request by any of the parties to present additional evidence. There was also no objection to this procedure until after the appellate panel issued its order on the merits. We think the lack of any pre-order objection renders any complaints about the pre-order procedure either waived or not preserved for our review. *See Patterson v. Reid*, 318 S.C. 183, 185, 456 S.E.2d 436, 437 (Ct. App. 1995) (explaining an issue a party raises for the first time in a petition for rehearing but could have raised before is not preserved).

**MERITS OF THE COMMISSION'S ORDER**

Appellants argue there are several errors with the commission's decision on the merits. We respectfully disagree and will deal with the arguments in turn.

The finding that Rose is entitled to additional medical benefits is supported by substantial evidence. *See* S.C. Code Ann. § 42-15-60(A) (2015) (stating a claimant may receive medical treatment beyond ten weeks when the treatment "will tend to lessen the period of disability as evidenced by expert medical evidence stated to a reasonable degree of medical certainty").

An orthopedic surgeon gave the following opinions supporting the finding Rose is entitled to back surgery, a knee evaluation, and an evaluation of his lower back: (1) Rose had two-level disc disease and pain radiating into his arm consistent with cervical radiculopathy, which clearly indicated surgical intervention; (2) Rose clearly had significant knee pain and required an evaluation by an orthopedic surgeon specializing in the knee; and (3) Rose had low back pain of indeterminate etiology and needed an MRI scan of his lumbar spine.

Although Appellants' preferred physician held different opinions, the commission found the orthopedic surgeon was more credible, which we cannot discount. *See Corbin v. Kohler Co.*, 351 S.C. 613, 624, 571 S.E.2d 92, 98 (Ct. App. 2002) (explaining the commission determines the weight and credibility to afford expert medical testimony); *Gadson v. Mikasa Corp.*, 368 S.C. 214, 221-22, 628 S.E.2d 262, 266 (Ct. App. 2006) (explaining the commission's findings of fact are conclusive when there is conflicting medical evidence); *Clark v. Aiken Cnty. Gov't*, 366 S.C. 102, 107, 620 S.E.2d 99, 101 (Ct. App. 2005) (explaining this court cannot override

the commission's judgment with respect to the weight and credibility of evidence on questions of fact). We are convinced this satisfies the low bar for substantial evidence. *See Lockridge v. Santens of Am., Inc.*, 344 S.C. 511, 515, 544 S.E.2d 842, 844 (Ct. App. 2001) (explaining an award is supported by substantial evidence if reasonable minds could reach the same conclusion as the commission); *Palmetto All., Inc. v. S.C. Pub. Serv. Comm'n*, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984) ("Substantial evidence is something less than the weight of the evidence and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.").

We respectfully reject Appellants' arguments that the order is vague, unsupported by evidence stated to a reasonable degree of medical certainty, and impermissibly orders an "evaluation" as opposed to medical "treatment."

The order is not vague. It accounts for the varying opinions of the different physicians, explains that the commission gave greater weight to the orthopedic surgeon's opinion, and is supported by the orthopedic surgeon's report, which plainly states, "I . . . hold my opinions true, most probable, to a reasonable degree of medical certainty." A statute explains that the commission can order an evaluation as well as treatment. *See* § 42-15-60(A) ("The refusal of an employee to accept any . . . treatment *or evaluation* when provided by the employer or ordered by the commission bars the employee from further compensation . . . ." (emphasis added)).

We likewise reject the argument that the commission erred in designating the orthopedic surgeon to direct Rose's future neck and back care. Appellants' assert the commission improperly deprived them of their right to choose Rose's physician, but Appellants' preferred physician had opined Rose was not at the point of maximum medical improvement and did not need any future medical treatment—positions with which the commission disagreed. The commission is empowered to supervise and direct the treatment process. *See* § 42-15-60(A) (stating an employee ordinarily must accept the employer-chosen physician, but the commission can order otherwise if good cause is shown and require a change in medical service); *Martin v. Rapid Plumbing*, 369 S.C. 278, 292, 631 S.E.2d 547, 555 (Ct. App. 2006) (holding the commission's designation of a physician was proper because the employer failed to provide treatment that the employee felt he needed); *Clark*, 366 S.C. at 114, 620 S.E.2d at 105 (holding the commission was within its authority to designate a physician because the employer-chosen physician's treatment was unsuccessful). It would at least be odd—and maybe even silly—for the commission to order that Rose

was entitled to back surgery but designate as Rose's doctor a physician who believed Rose did not need surgery.

Because we do not take issue with the surgeon's designation as the authorizing treating physician for Rose's back, we have no issue with the commission ordering Appellants to pay for causally related treatment. We respectfully reject Appellants' argument that the award here is similar to the award in *Rice v. Froehling & Robertson, Inc.*, 267 S.C. 155, 163, 226 S.E.2d 705, 708 (1976) (holding an employer and insurance carrier were entitled to a more definite order to protect an argument that certain future medical care was unnecessary or did not tend to lessen the period of disability). This award designated the surgeon as Rose's authorized treating physician for Rose's neck and back, empowered the surgeon to treat those injuries, and empowered the surgeon to refer Rose to other providers if necessary. Workers' compensation cases frequently involve disputes over whether a particular treatment is appropriate even though it has been recommended. If such a dispute arises in this case, the parties are free to litigate that issue in front of the commission.

Appellants argue the commission should have addressed whether Rose's two falls sometime after his work-related automobile wreck were the proximate cause of his problems. We disagree. This was not an issue on Appellants' Form 21 or Form 58, and Appellants offered no evidence other than conjecture supporting the view that these falls were intervening events that caused Rose's ailments. *See S.C. Dep't. of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) (explaining an issue raised for the first time on appeal is not preserved for appellate review); *Lockridge*, 344 S.C. at 515, 544 S.E.2d at 844 (explaining appellate courts look for substantial evidence when reviewing workers' compensation cases).

The finding that Rose is entitled to TTD is likewise supported by substantial evidence. *See* S.C. Code Ann. § 42-9-260 (2015) (stating an employee who is out of work due to an injury he sustained at work may receive TTD until he reaches maximum medical improvement). While it is regrettable the trial record is from 2013, there was plenty of evidence that Rose was not authorized to return to work until he received additional treatment. As noted above, the commission chose to primarily credit the orthopedic surgeon, who believed Rose should be on off-duty status pending treatment. *See Lee v. Bondex, Inc.*, 406 S.C. 97, 102, 749 S.E.2d 155, 157 (Ct. App. 2013) (explaining a claimant must be unable to do the job he performed before his injury to receive TTD). Accepting the commission's credibility determinations as we are required to do, we find the orthopedic surgeon's opinion constituted substantial evidence in support of the TTD award. *See Lockridge*, 344

S.C. at 515, 544 S.E.2d at 844 (explaining how expansively substantial evidence is defined); *Palmetto All., Inc.*, 282 S.C. at 432, 319 S.E.2d at 696 (further explaining the substantial evidence standard's broad scope); *Corbin*, 351 S.C. at 624, 571 S.E.2d at 98 (explaining the importance of letting the commission decide how much weight and credibility to afford expert medical testimony); *Gadson*, 368 S.C. at 221, 628 S.E.2d at 266 (explaining how much weight and credibility the commission affords expert medical testimony is conclusive); *Clark*, 366 S.C. at 108, 620 S.E.2d at 102 (explaining an appellate court cannot substitute its opinion on the weight and credibility of expert medical testimony for the commission's).

The last point we must address is related to TTD and may be convoluted to explain. This case was tried in 2013 and decided in 2019. The order found Rose was not at maximum medical improvement and, among other things, found that Appellants could not terminate TTD. The 2019 order required Appellants to resume TTD payments and held that they owed Rose a lump sum for any back-owed TTD.

Appellants argue the commission foreclosed them from presenting evidence that Rose's temporary total disability may have ended sometime between 2013 and 2019. They say that when the case was remanded to the commission from this court in 2018, the commission should have confined itself to adjudicating Rose's "status" as of 2013.

The commission did not decide anything more than what it was supposed to decide. As noted above, Appellants did not ask the commission when this case was remanded for the opportunity to update the record from the 2013 trial or to amend their stop pay request and present evidence that Rose's condition had improved and that he was capable of working. Granted, the situation was unusual, but the time to sort out and litigate (if necessary) the proper procedure was before the commission ruled on the merits, not after. The case was tried on Appellants' request to stop TTD payments. The commission ruled against Appellants on that request. The result of that ruling necessarily meant Appellants could not stop paying TTD and that they owe it until the commission authorizes them to stop paying. *See* § 42-9-260(F) (governing termination of TTD after one hundred and fifty days).

**CONCLUSION**

For these reasons, the appellate panel's order is

**AFFIRMED.**

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**