22031

Kenneth B. SIMMONS, Sidney T. Gattis, Jr. and Kenneth B. Simmons, Jr., doing business as co-partners under the firm name and style of Kenneth B. Simmons Associates, Respondents, v. CITY OF COLUMBIA and John A. Ricketts, as City Engineer of the City of Columbia, Appellants.

(311 S. E. (2d) 732)

*Roy D. Bates* and *Joseph Wettlin,* Columbia, *for appellants.*

*George E. Lafaye, III,* of *McCants, Nelson, Green & Lafaye,* Columbia, *for respondents.*

Jan. 18, 1984.

NESS, Justice:

This is an appeal from an order invalidating Columbia City Code, Appendix B, § 1.2.2-f.5 (1979), which requires storm drainage plans submitted to the city engineer to include a certificate by a registered engineer or architect that the drainage design complies with city and county drainage standards. Appellants contend the trial judge erroneously concluded the city ordinance was in irreconcilable conflict with S. C. Code Ann. § 40-28-10 (1976 as amended). We agree and reverse.

S. C. Code Ann. § 40-28-10(b) (1983 Cum. Supp.) provides:

"Landscape architecture" means the performance of professional services, such as consultation, investigation, research, planning, design, preparation of drawings and specifications and responsible inspection in connection with the development of land areas where, and to the extent that, *the dominant purpose of such services is the preservation, enhancement or determination of proper site design, natural land features, planting, naturalistic and aesthetic values, the settings and approaches to structures or other improvements, the setting of grades and determining drainage and providing for drainage structures, and the consideration and determination of environmental problems.* This practice shall include the design of such tangible objects and features as are incidental and necessary to the purpose outlined herein *but shall not include the design of structures or facilities with separate and self-contained purposes such as are ordinarily included in the practice of engineering or architecture;* and shall not include the making of land surveys or final plats for official approval or recordation. Nothing contained herein shall preclude a duly licensed landscape architect from performing any of the services described in the first sentence of the subsection *in connection with the settings, approaches or environment for buildings, structures or facilities.* Nothing contained in

this chapter shall be construed as authorizing a landscape architect to engage in the practice of architecture, engineering or land surveying as these terms are defined in § 40-28-150. (Emphasis added).

In construing a statute, we look to its language as a whole in light of its manifest purpose. *City of Columbia v. Niagra Fire Insurance Company*, 249 S. C. 388, 154 S. E. (2d) 674 (1967).

A reading of § 40-28-10(b) indicates that the legislature intended the primary function of landscape architects to be the planning and design of the surrounding settings of land development projects.

While we recognize that the statute allows landscape architects to design certain tangible objects, including drainage structures, incidental to the preparation of an aesthetically pleasing land development project, we do not believe it empowers them to certify the structural soundness of their proposed plans. We hold that the power to certify proposed drainage plans falls within the province of registered architects and engineers.

A state enactment does not conflict with a municipal regulation unless "both — contain either express or implied conditions which are inconsistent and irreconcilable with each other." *Arnold, et al. v. City of Spartanburg, et al.*, 201 S. C. 523, 536, 23 S. E. (2d) 735, 740 (1943). The statute specifically prohibits landscape architects from engaging in activities which "are ordinarily included in the practice of engineering or architecture." Consequently, we hold the city ordinance does not conflict with S. C. Code Ann. § 40-28-10(b), as it does not prevent landscape architects from performing any act authorized by this statute.

Reversed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.