1824

John C. WIERSZEWSKI, Appellant v. Sandra K. TOKARICK, Respondent.

(418 S.E. (2d) 557)

Court of Appeals

*John C. Wierszewski, pro se.*

*John P. Bacot, Jr.,* Surfside Beach, *for respondent.*

*Guardian ad Litem: Lisa A. Kinon,* Conway.

Submitted March 12, 1992.

Decided May 26, 1992.

*Per Curiam:*

This appeal is from an award of attorney's fees in a custody case. John C. Wierszewski (Father) had been awarded temporary custody but was denied permanent custody, because the Family Court, applying the Uniform Child Custody Jurisdiction Act (UCCJA),[1] declined to assume jurisdiction over the merits of the action. The court did, however, assume jurisdiction to decide the issue of attorney's fees and guardian ad litem fees. Sandra K. Tokarick (Mother), who had to travel from Nevada to South Carolina for this proceeding, then filed a motion requesting her travel expenses, attorney's fees, and the guardian ad litem fees from Father. The family court granted the petition, and Father appeals only Mother's travel expenses and attorney's fees. We reverse.

The parties were divorced in 1982. When the present case arose, they were under a joint legal custody order with the primary physical custody to be with Mother.

Upon a visit with Father in August 1989, the children expressed a desire to live with him permanently. The claimed that their stepfather had mistreated and physically abused them. Father believed that the children were afraid to go back to Las Vegas. He petitioned for temporary custody and physical possession of his children and appointment of a guardian ad litem to investigate the charges. He also asked for permanent custody if the charges were verified. An August 14, 1989, ex parte order granted him temporary custody.

Mother contested jurisdiction, claiming the order of divorce specifically stated that the family court of New York would have jurisdiction over all future matters concerning custody, support, and visitation, and that as recently as July 1989, the parties had consented to the jurisdiction of New York.

After the merits hearing on Father's petition, the court found no evidence of mistreatment or abuse such that South Carolina would have jurisdiction under Code Section 20-7-

---

[1] S.C.Code Ann. §§ 20-7-782 through -830 (1985).

788(a)(3) of the UCCJA, which was the provision relied upon by Father. The court then terminated temporary custody and declined jurisdiction in the action with the exception of attorney's fees and guardian ad litem fees.

Mother then moved for these fees and her travel expenses. She based her motion on subsection (c) of Code Section 20-7-798 of the UCCJA. In its entirely, this Code Section states:

### S.C. Code Ann. § 20-7-798. Jurisdiction declined by reason of conduct.

(a) If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct the court may decline to exercise jurisdiction if this is just and proper under the circumstances.

(b) Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody. If the petitioner has violated any other provision of a custody decree of another state the court may decline to exercise its jurisdiction if this is just and proper under the circumstances.

(c) In appropriate cases a court dismissing a petition under this section may charge the petitioner with necessary travel and other expenses, including attorneys' fees, incurred by other parties or their witnesses.

When construing a statute, we look to its language as a whole in light of its manifest purpose. *Simmons v. City of Columbia*, 280 S.C. 163, 311 S.E. (2d) 732 (1984). Sections which are part of the same general statutory law must be construed together and each one given effect, if it can be done by any reasonable construction. *Smalls v. Weed*, 293 S.C. 364, 360 S.E. (2d) 531 (Ct. App. 1987).

Reading subsection (c) in context of the complete Code Section, we find that subsection (c) applies only when jurisdiction is declined under authority of Code Section 20-7-798, that is, for the kind of misconduct described in that Code Section.

The original petition which resulted in the August 29, 1989 order, was brought by the husband relying on Code Section 20-7-788(a)(3). This section states that an action can be brought when the child is physically present in this state and that "it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected." The Court found insufficient evidence of abuse based on the pleadings and also found that South Carolina was not the proper forum to hear the action since the children had resided in Nevada for over fourteen months. The resulting order denying Father's petition was based on these findings, not upon any findings of misconduct.

Because the petition was not dismissed for any kind of misconduct, the dismissal was not "under" Code Section 20-7-798. Subsection (c) of Code Section 20-7-798, therefore, cannot be the basis of an award of attorney's fees in this case.[2]

In summary, in the present case, the family court did not find misconduct by Father. The dismissal of the petition was not based on misconduct. There is, therefore, no factual basis for an award of attorney's fees and expenses under the subsection relied on in Mother's petition and in the family court order.

Accordingly, we reverse the judgment of the trial court.

Reversed.

---

[2] We note that the trial judge suggested at the hearing that attorney's fees might be authorized under S.C. Code Ann. § 20-7-420 (1985), which is a general jurisdictional statute of the family court. We do not address this point, because it was not raised in the petition or addressed in the order. An issue is not preserved for appeal merely because the trial court mentions it. *Mize v. Blue Ridge Ry. Co.*, 219 S.C. 119, 64 S.E. (2d) 253 (1951); *Columbia (SC) Teachers Fed. Credit Union v. Newsome Chevrolet-Buick, Inc.*, 303 S.C. 162, 399 S.E. (2d) 444 (Ct. App. 1990). Further, Mother has not filed a brief indicating how we could reach this issue.

When the respondent does not file a brief, the Court of Appeals "may take such action as it deems proper." Rule 207(a)(4), SCACR. In this case, we deem it proper to reverse on the points presented rather than to search the record for reasons to affirm.