## 2173

William Jackson ADAMS, Deceased Employee; Rosita L. Adams, Widow; Ji Hae Kim Adams, Minor Adopted Child; Martina Marie McKeown, Claimants, of whom Martina Marie McKeown is Appellant, and Ji Hae Kim Adams is Respondent v. TEXFI INDUSTRIES, Employer, and Liberty Mutual Insurance Co., Carrier, Defendants.

(443 S.E. (2d) 913)

Court of Appeals

*Claude S. Coleman,* of *Hemphill, Hemphill & Coleman,* Chester, *for appellant.*

*J. Mark Hayes, II,* of *Harrison & Hayes,* Spartanburg, *for respondent.*

Heard March 9, 1994.

Decided Apr. 25, 1994; Reh. Den. June 16, 1994.

SHAW, Judge:

Following the death of William Jackson Adams, his widow, Rosita Adams, his minor adopted daughter, Ji Hae Kim Adams, and his minor stepdaughter, Martina Marie McKeown, each sought benefits under the Workers' Compensation Act. The commissioner determined Rosita Adams was entitled to half the benefits, and that Ji Hae Kim and Martina were each entitled to one quarter of the benefits. The full commission amended the order, holding the stepdaughter, Martina, was not entitled to benefits. The circuit court affirmed. Martina appeals. We affirm.

Adams and Rosita were married in January of 1990. He was killed in September of 1990. During the eight months Martina lived with her mother and Adams, her natural father was paying support of $50 per week. Furthermore, Martina's mother earns $20,000 per year and owns the house in which she, Adams and Martina lived.

The commission held simply that Martina "is not entitled to the presumption of being wholly dependent under Section 42-9-110 of the South Carolina Code of Laws." The circuit court, in affirming the commission, went on to find "substantial evidence exists to support the Commission decision that [Martina] was not wholly dependent or even dependent upon the deceased at the time of his death." The court went on to provide as follows:

> Even though there is testimony in the record that the deceased may have contributed to improve the quality of [Martina's] standard of living, such gratuitous acts alone should not be sufficient to establish the necessary level of dependency to justify decreasing the receipt of death benefits by those who are wholly dependent upon a deceased employee.

I.

The question before this Court, then, is when is a stepchild entitled to the presumption of being wholly dependent under Section 42-9-110 of the Code.

> A surviving spouse or a child shall be conclusively presumed to be wholly dependent for support on a deceased employee.

S.C. Code Ann. § 42-9-110 (1976).

To determine whether Martina is a child, conclusively presumed wholly dependent for support on Adams, we turn to section 42-1-70:

> The term "child" shall include a posthumous child, a child legally adopted prior to the injury of the employee and a stepchild or acknowledged illegitimate child dependent upon the deceased, but doe snot include married children unless wholly dependent upon him. . . .

S.C. Code Ann. § 42-1-70 (1976).

Martina maintains the language of Section 42-1-70 provides her automatically with the status of "child" and the presumption of being wholly dependent.[1] More specifically, Martina argues the qualifying phrase "dependent upon the deceased" applies only to illegitimate children and not to stepchildren. The Commission, on the other hand, interprets this section to apply to stepchildren dependent upon the deceased. We agree with the Commission's interpretation.

The plain reading of the statute indicates a stepchild must be dependent upon the deceased before she may be considered a child of the decedent for purposes of recovering death benefits. *See First South Savings Bank, Inc. v. Gold Coast Associates*, 301 S.C. 158, 390 S.E. (2d) 486 (Ct. App. 1990) (where terms of a statute are clear and unambiguous, the Court should apply them according to their literal meaning). Martina's interpretation would require a comma or some other form of punctuation to separate the qualifying phrase from the word stepchild. Furthermore, it would be illogical for the legislature to grant stepchildren the status of "child" without qualification, so as to place them on the same footing as the decedent's natural or legally adopted children, regardless of support the stepchild may be receiving from her natural parents.

---

[1] If Martina was less than wholly dependent, she is barred from any recovery because there are two others who are wholly dependent. *See* S.C. Code Ann. § 42-9-130 (1976) ("If there is more than one person wholly dependent, the death benefit shall be divided among them and the person partly dependent, if any, shall receive no part thereof.").

## II.

We then turn to the question of whether Martina was dependent upon Adams for support. We agree with the Commission's implicit finding that she was not. There is substantial evidence establishing that Martina was supported by her mother and her natural father, and was not dependent upon Adams prior to his death.

Affirmed.

HOWELL, C.J., and CURETON, J., concur.