24340

William Jackson ADAMS, Deceased Employee; Rosita L. Adams, Widow; Ji Hae Kim Adams, Minor Adopted Child; and Martina Marie McKeown, Plaintiffs, of whom Martina McKeown is Petitioner, and Ji Hae Kim Adams, is Respondent v. TEXFI INDUSTRIES, Employer, and Liberty Mutual Insurance Co., Carrier, Defendants.

(464 S.E. (2d) 109)

Supreme Court

214

*Claude S. Coleman* of *Hemphill, Hemphill & Coleman, P.A.,* Chester, *for Petitioner.*

*J. Mark Hayes, II* of *Harrison and Hayes*, Spartanburg, *for Respondent.*

Heard Sept. 20, 1995.

Decided Nov. 6, 1995.

## ON THE WRIT OF CERTIORARI TO THE COURT OF APPEALS

TOAL, Justice:

This workers' compensation action presents the issue of the degree of dependence required under Title 42, the South Carolina Workers' Compensation Law, for a stepchild to be considered a "child" and thus entitled to the presumption of being wholly dependent for the purposes of receiving the death benefits of a deceased employee.

## FACTS

William Jackson Adams was killed in an airplane crash in September 1990. He was survived by his wife Rosita L. Adams ("Widow"), his adopted daughter Ji Hae Kim Adams ("Adopted Child"), and his stepdaughter Martina McKeown ("Stepchild"). Adopted Child and Stepchild were minors at the time of Adam's death. Widow, Adopted Child, and Stepchild sought benefits under the South Carolina Workers' Compensation Law. The Hearing Commissioner determined that Widow should receive 50% of the death benefits and that Adopted Child and Stepchild each should receive 25% of the benefits. The Commissioner concluded that Stepchild was presumed to be wholly dependent upon the deceased.

The Appellate Panel amended the Commissioner's findings by determining that Adopted Child should be entitled to 50% of the benefits. Widow's benefits remained unchanged at 50%. The Panel reasoned that Stepchild was not entitled to the presumption under S.C. Code Ann. § 42-9-110 (1985) that she was wholly dependent.

On appeal the Circuit Court affirmed the Panel's decision that Stepchild was not entitled to the statutory presumption of being wholly dependent. The court also found that the record contained substantial evidence that Stepchild was not,

in fact, wholly dependent or even dependent upon the deceased at the time of his death.

The Court of Appeals affirmed the Circuit Court's decision. We granted certiorari.

## LAW/ANALYSIS

Stepchild contends that the Court of Appeals erred in holding that she failed to establish sufficient dependence on the deceased to entitle her to worker's compensation death benefits. The Court of Appeals determined that a stepchild must be dependent upon the deceased before he may be considered a child of the deceased for purposes of recovering death benefits. It found that there was substantial evidence that Stepchild was not dependent upon her stepfather. Whether the Court of Appeals erred depends upon the underlying question of the degree of dependence required before a stepchild is considered a child under Title 42.

Under the Worker's Compensation Law, the death benefit is to be divided among persons "wholly dependent" upon the deceased. *See* S.C. Code Ann. § 42-9-130 (1985). If there are persons wholly dependent, then those partly dependent receive no part of the benefit. *Id.* One may be deemed wholly dependent either through a conclusive statutory presumption under section 42-9-110 or through a factual demonstration under section 42-9-120.

Section 42-9-110 delineates two categories of persons who are statutorily deemed to be wholly dependent: "A surviving spouse or child shall be conclusively presumed to be wholly dependent for support on a deceased employee." The term "child" includes "a posthumous child, a child legally adopted prior to the injury of the employee and *a stepchild or acknowledged illegitimate child dependent upon the deceased,* but does not include married children unless wholly dependent upon him." S.C. Code Ann. § 42-1-70 (1985) (emphasis added). We construe this statute as requiring both stepchildren and illegitimate children to demonstrate dependence upon the deceased. Accordingly, under section 42-1-70, if a stepchild was "dependent" upon the deceased, he will be deemed to be "wholly dependent" under section 42-9-110. The term "dependent," however, is not defined within the statute.

The language of section 42-1-70 itself gives an indication of the degree of dependence required in order for a stepchild to be considered a "child." In construing a statute, the Court looks to its language as a whole in light of its manifest purpose. *Simmons v. City of Columbia*, 280 S.C. 163, 311 S.E. (2d) 732 (1984). The wording of section 42-1-70, that the stepchild must be "dependent upon the deceased," stands in contrast to other language in the same section that married children must be "wholly dependent" in order to fall under the definition of "child." S.C. Code Ann. § 42-1-70. Similarly, married brothers or married sisters must be "wholly dependent" upon the employee in order to come within the definition of "brother" and "sister." *Id.* When the language of section 42-1-70 is considered in its entirety, it is clear that the level of dependence required for a stepchild to be considered a child is something less than being "wholly dependent."

Although we have never specifically addressed the question of the degree of dependence required in order for a stepchild to be deemed a "child" under section 42-1-70, we have generally defined dependence in a related context. "Stated generally, a dependent is one who looks to another for support and maintenance; one who is in fact dependent—one who relies on another for the reasonable necessities of life." *Day v. Day*, 216 S.C. 334, 342, 58 S.E. (2d) 83, 86-87 (1950).

Petitioner has invited this Court to adopt the "substantial dependence" standard set forth by the North Carolina Court of Appeals in *Winstead v. Derreberry*, 73 N.C. App. 35, 326 S.E. (2d) 66 (1985). The decisions of North Carolina courts interpreting that state's workers' compensation statute are entitled to weight because the South Carolina statute was fashioned after North Carolina's. *See Flemon v. Dickert-Keowee, Inc.*, 259 S.C. 99, 190 S.E. (2d) 751 (1972). However, we find that the definition enunciated in *Day v. Day* provides a clear and workable standard that is more in keeping with South Carolina's public policy. Therefore, today we adopt the *Day v. Day* definition for determining the degree of dependency required in order for stepchildren and acknowledged illegitimate children to be deemed dependent under section 42-1-70 of the South Carolina Workers' Compensation Law.

We remand the case to the South Carolina Workers' Com-

pensation Commission for an adjudication in light of our newly enunciated standard. Because it is unlikely that additional testimony would assist the adjudicator, it is unnecessary to reopen the record. Therefore, we direct that the Workers' Compensation Commission base redetermination upon the existing record.

Accordingly, this case is reversed and remanded.

FINNEY, C.J., and MOORE, WALLER and BURNETT, JJ., concur.