498 S.E.2d 885

**William Jackson ADAMS, Deceased Employee; Rosita L. Adams, Widow; Ji Hae Kim Adams, Minor Adopted Child; Martina Marie McKeown, Claimants,**

**Of whom Martina Marie McKeown is Respondent, and Ji Hae Kim Adams is Appellant,**

**v.**

**TEXFI INDUSTRIES, Employer, and Liberty Mutual Insurance Company, Carrier, Defendants.**

No. 2800.

Court of Appeals of South Carolina.

Submitted Feb. 3, 1998.

Decided Feb. 23, 1998.

Rehearing Denied April 23, 1998.

J. Mark Hayes, II, of Harrison & Hayes, Spartanburg, for appellant.

Claude S. Coleman, of Hemphill, Hemphill & Coleman, Chester, for respondent.

GOOLSBY, Judge:

In this workers' compensation case, we are asked to decide whether the deceased employee provided sufficient support to his stepdaughter to entitle her to the presumption of being wholly dependent for the purpose of receiving death benefits.

Pilot William Jackson Adams (Stepfather) died in a plane crash in 1990 while working within the scope and course of his duties for Texfi Industries. His survivors included his second wife of eight months, Rosita L. Adams (Wife), his adopted daughter, Ji Hae Kim Adams (Adopted Child), and his step-

daughter Martina McKeown (Stepchild). The two children were minors when Adams died. All three survivors sought death benefits under the South Carolina Workers' Compensation Law.

The single commissioner awarded 50 percent of the benefits to Wife and 25 percent to each of the two children. The commissioner decided Stepchild was conclusively presumed wholly dependent upon Stepfather. The full commission found that Adopted Child and Wife should each receive 50 percent of the benefits, because Stepchild was not entitled to the presumption that she was wholly dependent under South Carolina law. *See* S.C.Code Ann. § 42–9–110 (1985). The circuit court affirmed the full commission on appeal and found that the record contained substantial evidence that not only was Stepchild not wholly dependent, but also she was not dependent at all upon Stepfather when he died. We affirmed the circuit court. *Adams v. Texfi Indus.*, 314 S.C. 313, 443 S.E.2d 913 (Ct.App.1994).

On certiorari, the supreme court interpreted the definition of "child" in S.C.Code Ann. § 42–1–70 (1985) to require that both illegitimate children and stepchildren demonstrate dependence upon the deceased employee in order to receive death benefits. The court established a new test for determining sufficient dependency for a stepchild or an illegitimate child to be considered a "child" under the statute. They reversed and remanded the case to the commission for redetermination applying the new test based upon the record. *Adams v. Texfi Indus.*, 320 S.C. 213, 464 S.E.2d 109 (1995). Under the test, a stepchild bears the burden of proof that the child relies upon the deceased for the "reasonable necessities of life," a test set out in *Day v. Day*, 216 S.C. 334, 342, 58 S.E.2d 83, 86–87 (1950).

By its Amended Decision and Order in February 1996, the commission determined Stepchild was dependent and entitled to 25 percent of the benefits. The circuit court affirmed. We reverse.[1]

---

1. Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument pursuant to Rule 215, SCACR.

## STANDARD OF REVIEW

 The Administrative Procedures Act establishes the rule for judicial review of awards of the Workers' Compensation Commission. *Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 276 S.E.2d 304 (1981). The court must not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, but such evidence must be relevant evidence that reasonable minds might find adequate to support a conclusion. *Id.* This substantial evidence standard means evidence which, in viewing the record as a whole, would allow reasonable minds to reach the same conclusion that the agency reached. *Miller v. State Roofing Co.,* 312 S.C. 452, 441 S.E.2d 323 (1994).

 The appellate court may reverse when a decision is based upon errors of law. *Roper Hosp. v. Clemons,* 326 S.C. 534, 484 S.E.2d 598 (Ct.App.1997).

## LAW/ANALYSIS

 Death benefits under the Workers' Compensation Law are divided among people "wholly dependent" upon the deceased employee. S.C.Code Ann. § 42–9–130 (1985). Two categories of people are conclusively presumed wholly dependent under the statute: a surviving spouse and a child. S.C.Code Ann. § 42–9–110 (1985).

 Under the standard newly adopted by the supreme court, a stepchild who can show reliance upon the deceased at the time of the death for the reasonable necessities of life will be deemed "wholly dependent" under section 42–1–70. "[T]he level of dependence required for a stepchild to be considered a child is something less than being 'wholly dependent.'" *Adams,* 320 S.C. at 217, 464 S.E.2d at 112.

 Under South Carolina's Children's Code, the person responsible for a child's welfare harms the child by failure to provide adequate food, clothing, shelter, education, and health care. S.C.Code Ann. § 20–7–490(3)(c) (Supp.1997). We must therefore look to see if substantial evidence supports the commission's determination that Stepchild depended upon Stepfather for these elements of support at the time of his death.

The commission stated in its Amended Decision and Order as findings of fact that Stepchild resided in the home with Stepfather and received substantial and consistent support from him in the form of medical insurance, braces, household utilities, groceries, car expenses, payment of indebtedness on the family home, clothing, summer camp, and other usual family support. Viewing the record as a whole, the commission determined that Stepchild was dependent on Stepfather and was entitled to 25 percent of the benefits. We disagree.

The evidence in the record establishes that Stepchild's mother and her natural father supported her during Stepfather's life. Stepchild's natural father paid child support for his daughter. Wife was employed and earned about $20,000 per year. Wife and Stepfather maintained separate checking accounts. Wife's testimony provided the sole evidence that Stepfather provided for any of Stepchild's needs. She stated repeatedly throughout the hearing that she had no numbers and no documentation, and that she did not know information relating to amounts Stepfather paid. Viewing the record as a whole, the evidence does not allow reasonable minds to reach the conclusion that the commission reached, as required in South Carolina. *Lark*, 276 S.C. at 136, 276 S.E.2d at 306.

At the time of the marriage, Wife owned the house debt-free in which Stepchild lived. Wife testified that both she and Stepfather paid for groceries, for electricity, and for Stepchild's clothing. Wife also testified that *she* paid for all of Stepchild's clothing and food. Nothing indicates that Stepfather paid for Stepchild's education expenses. He did provide health insurance for Stepchild, but no evidence indicates whether the policy including Stepchild cost any more than a policy for Stepfather alone. Further, we are unconvinced that payments for braces, summer camp, and car expenses, even if made, would constitute "reasonable necessities of life."

The degree of dependence Stepchild must prove is something less than "wholly dependent." She must, however, bear the burden of proving that she relied upon the decedent for the reasonable necessities of life. The record simply contains no sufficient evidence that Stepchild so relied. On the contrary, she had two natural parents both supporting her.

The question of dependency is one of fact. *South Carolina Second Injury Fund v. Young,* 301 S.C. 524, 392 S.E.2d 807 (Ct.App.1990). The question of whether a party has met its burden of proof is one of law. We find that the commission erred as a matter of law in applying the standard for the reliance of a stepchild upon a worker for support. Stepchild did not meet her burden of proof by providing reliable, probative, and substantial evidence on the record as a whole.

**REVERSED.**

HEARN and STILWELL, JJ., concur.