535 S.E.2d 124

William Jackson ADAMS, Deceased Employee; Rosita L. Adams, Widow; Ji Hae Kim Adams, Minor Adopted Child; Martina Marie McKeown, Claimants,

of whom Martina Marie McKeown is Petitioner,

and Ji Hae Kim Adams is Respondent,

v.

TEXFI INDUSTRIES, Employer and Liberty Mutual Insurance Company, Carrier, Defendants.

No. 25165.

Supreme Court of South Carolina.

Heard Nov. 2, 1999.

Decided July 3, 2000.

Claude S. Coleman, of Hemphill, Hemphill & Coleman, of Chester, for petitioner.

J. Mark Hayes, II of Harrison and Hayes, of Spartanburg, for respondent.

PER CURIAM:

This case is before the Court on a writ of certiorari to review the Court of Appeals' decision in *Adams v. Texfi Industries*, 330 S.C. 305, 498 S.E.2d 885 (Ct.App.1998) (*Adams* III). We reverse, and reinstate the decision of the full commission finding petitioner was wholly dependent upon the deceased and therefore entitled to receive worker's compensation benefits.

This is the fourth time this matter has been before an appellate court. In *Adams v. Texfi Industries*, 314 S.C. 313, 443 S.E.2d 913 (Ct.App.1994) (*Adams* I), the Court of Appeals held the petitioner, as the deceased's stepchild, was not entitled to the presumption that she was wholly dependent under S.C.Code Ann. § 42–9–110 (1985). We granted certiorari, and held that if a stepchild demonstrates "dependence" within the meaning of S.C.Code Ann. § 42–1–70 (1985), he will be deemed "wholly dependent" under § 42–9–110. We explained that dependence under § 42–1–70 is something less than "wholly dependent" and adopted the test found in *Day v. Day*, 216 S.C. 334, 58 S.E.2d 83 (1950). *Adams v. Texfi Industries*, 320 S.C. 213, 464 S.E.2d 109 (1995) (*Adams* II). We remanded the case to the full commission for reconsideration in light of this standard. *Id.*

On remand, the full commission determined petitioner was dependent within the meaning of *Day* and § 42–1–70, and therefore entitled to the presumption found in § 42–9–110. Accordingly, the full commission awarded petitioner benefits. The circuit court affirmed, but the Court of Appeals reversed. *Adams* III, *supra.* We granted certiorari.

## ISSUE

Did the Court of Appeals err in holding that the Commission erred as a matter of law in applying the standard for the reliance of a stepchild upon a worker for support?

## DISCUSSION

The Court of Appeals in *Adams* III relied upon language from the South Carolina's Children's Code, which states that the person responsible for the child's welfare harms the child by failure to provide adequate food, clothing, shelter,

education, and health care, to determine if petitioner was dependent upon the deceased. The application of the Children's Code standard was error, and we take this opportunity to reiterate that the dependency standard to be used in a workers' compensation case is that announced in *Adams v. Texfi Industries* II.

 Courts will not overturn the factual findings of the commission unless they are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. *Brown v. Ryder Truck Rental,* 300 S.C. 530, 389 S.E.2d 161 (Ct.App.1990). " 'Substantial evidence' is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action." *Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 276 S.E.2d 304 (1981). The substantial evidence test "need not and must not be either judicial fact-finding or a substitution of judicial judgment for agency judgment." *Id.* at 307.

The commission, applying the standard announced in *Adams* II, determined that petitioner relied on the deceased for the reasonable necessities of life and was sufficiently dependent. Its decision was based on the following factual findings supported by the record: the deceased employee provided medical insurance coverage, braces, household utilities, groceries, car expenses, clothing, summer camp, and made payments on the indebtedness on the family home. Evidence in the record also indicates that on their joint tax return, the deceased employee and his wife claimed petitioner as a dependent.

There was evidence in the record to support the commission's findings. *Lark v. Bi–Lo, Inc., supra.* The Court of Appeals erred in reversing the commission's findings.

The decision of the Court of Appeals is therefore

REVERSED.