THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Stephen J. Lehman and Kimberly A. Lehman, Petitioners,       
Appellants,
In the Matter of Kaleigh Lehman:  Nadia Black, Guardian ad
Litem, and 
 Carolina First Bank, Court Appointed Conservator,       
Respondents.
 
 
 

Appeal From Horry County
Lynn H. Fox, Associate Judge of Probate

Unpublished Opinion No. 2003-UP-013
Submitted October 22, 2002  Filed January 
 7, 2003   

REVERSED

 
 
 
Clifford H. Tall, of Myrtle Beach, for Appellants
Carolina First Bank, Court Appointed Conservator, of Myrtle 
 Beach; Nadia Rasheed Black, of Myrtle Beach; pro se.
 
 
 

 PER CURIAM:  Kimberly 
 and Stephen Lehman appeal the probate courts refusal to award from their minor 
 daughters estate reasonable legal expenses necessarily incurred to establish 
 a conservatorship over the daughters estate.  We reverse.
The Respondents, the Guardian 
 ad Litem and Carolina First Bank, did not file a brief.  If a respondent fails 
 to file a brief, the appellate court may take such action as it deems proper.  
 Rule 208(a)(4), SCACR; see Turner v. Santee Cement Carriers, Inc., 
 277 S.C. 91, 282 S.E.2d 858 (1981) (finding where respondent did not file brief, 
 the Supreme Court could take such action upon the appeal as it deemed proper; 
 although failure alone would justify reversal, the Court simply considered it 
 as an additional ground); Wierszewski v. Tokarick, 308 S.C. 441, 418 
 S.E.2d 557 (Ct. App. 1992) (deeming it proper to reverse on points presented, 
 rather than search the record for reasons to affirm where respondent did not 
 file a brief).
Here, the record reveals the Lehmans incurred legal 
 expenses in pursuing a conservatorship over their minor daughters estate.  
 By not filing a brief, the Respondents impliedly consent that the expenses were 
 properly charged to the minor daughters estate.  Therefore, we reverse the 
 probate courts refusal to reimburse the Lehmans for legal expenses necessary 
 to establish the conservatorship.   
REVERSED.
CONNOR, STILWELL, and 
 HOWARD, JJ., concur.