THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Cathryn G.
 Gaither, Respondent,
 v.
 William C.
 Gaither, III, Appellant.
 
 
 

Appeal From Horry County
 H. E. Bonnoitt, Jr., Circuit Court Judge
Unpublished Opinion No. 2010-UP-214
Submitted March 1, 2010  Filed March 15,
 2010
AFFIRMED IN PART AND REVERSED IN PART

 
 
 
 Russell Patrick Brehn, of Conway, for Appellant.
 Thomas D. Guest, Jr., of Murrells Inlet, for Respondent.
 
 
 

PER CURIAM: 
 In this domestic action, William C. Gaither, III (Husband) appeals the family
 court's amended order awarding Cathryn G. Gaither (Wife) eight thousand dollars
 in attorney's fees and ordering Husband to convey certain real property and to
 make final equitable distribution payment to Wife within thirty days of the
 order.  Husband argues (1) the family court was without jurisdiction to require
 Husband to make payment or convey property to Wife and (2) the family court
 improperly applied the Glasscock factors in awarding attorney's fees to
 Wife.  See Glasscock v.
 Glasscock, 304 S.C. 158, 403 S.E.2d
 313 (1991).  We affirm in
 part but reverse the award of attorney's fees. 
1.  As
 to the Husband's first argument that the family court lacked jurisdiction, we
 affirm.  It was appropriate for the family court to modify the original order
 because this court made a substantive change to the value of the marital estate
 and remanded for the family court to reapportion the property.  See Gaither v. Gaither, Op. No. 2006-UP-422 (S.C. Ct. App. filed Dec.
 19, 2006).  Pursuant to our order of remand, the family court had
 jurisdiction to order Husband to convey the property and make final payment
 within thirty days of its amended order.  See S.C. Code Ann. §
 20-3-620(C) (Supp. 2009) ("The [family] court's order as it affects
 distribution of marital property shall be a final order not subject to
 modification except by appeal or remand following proper appeal.").
2.  As to the Husband's second argument that the
 family court improperly applied the Glasscock factors for awarding
 attorney's fees, we reverse.  This court previously reversed and remanded for
 the family court to reconsider Wife's entitlement to attorney's fees.  Gaither
 v. Gaither, Op. No. 2006-UP-422 (S.C. Ct. App. filed Dec. 19, 2006).  The
 resulting family court order failed to make specific factual findings on each
 of the six factors under Glasscock, instead focusing on Wife's inability
 to pay her fees.  See Glasscock, 304 S.C. at 161, 403 S.E.2d at
 315; see also Griffith v. Griffith, 332 S.C. 630, 646, 506
 S.E.2d 526, 534-35 (Ct. App. 1998) (noting the family court order awarding
 attorney's fees must set forth specific findings of fact for each of the
 required factors).  Inability to pay is one of four factors in determining whether to award attorney's fees.  See E.D.M. v. T.A.M, 307 S.C. 471,
 476-77, 415 S.E.2d 812, 816 (1992).  
Wife's
 affidavit in support of attorney's fees was not included in the record on appeal. 
 We consider the record only as it was presented to us.  See Rule 210(c),
 SCACR ("The Record on Appeal shall include all matter designated to be
 included by any party . . . ").  In addition, Wife did not file a
 respondent's brief in the current appeal.  Rule 208(a)(4), SCACR,
 provides in part: "Upon the failure of the respondent to timely file a
 brief, the appellate court may take such action as it deems proper."  This
 action includes reversing the judgment below.  See Wierszewski v.
 Tokarick, 308 S.C. 441, 444 n.2, 418 S.E.2d 557, 559 n.2 (Ct. App. 1992)
 (holding that when the respondent failed to file a brief, the appellate court
 deemed it proper "to reverse on the points presented rather than to search
 the record for reasons to affirm").  Accordingly, we reverse the family
 court's award of attorney's fees.  
AFFIRMED
 IN PART AND REVERSED IN PART.[1]   
HUFF, THOMAS,
 and KONDUROS, JJ., concur.  

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.