**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services, Respondent,

v.

David Walker, Jr., Brian Gutknect, and Samantha Gutknect, Defendants,

Of Whom David Walker, Jr., is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2015-000333

―――――――――

Appeal From Lexington County
Robert E. Newton, Family Court Judge

―――――――――

Unpublished Opinion No. 2017-UP-095
Submitted February 2, 2017 – Filed March 2, 2017

―――――――――

**AFFIRMED**

―――――――――

Earnest Deon O'Neil, of Columbia, for Appellant.

Debra Chay-Von Galloway, of The Galloway Law Firm, LLC, of Columbia, as the Guardian ad Litem for Appellant.

Scarlet Bell Moore, of Greenville, and Lillia Ann Gray, of the South Carolina Department of Social Services, of Lexington, both for Respondent.

Robin Page, of Law Office of Robin Page, LLC, of Columbia, for the Guardian ad Litem for the minor.

---

**PER CURIAM:**  David Walker, Jr. appeals the family court's order removing his minor child pursuant to section 63-7-1660 of the South Carolina Code (2010 & Supp. 2016).  Walker argues his due process rights were violated when (1) the family court proceeded with the merits hearing without his presence and (2) his Guardian ad Litem failed to actively participate in the merits hearing.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: *Charleston Cty Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 104-05, 627 S.E.2d 765, 775 (Ct. App. 2006) (finding father's claim that termination of parental rights violated his right to due process was not preserved for appellate review because this issue was not raised to or ruled upon by the family court); *State v. Langford*, 400 S.C. 421, 432, 735 S.E.2d 471, 477 (2012) ("Constitutional questions must be preserved like any other issue on appeal."); *Ex parte Black*, 330 S.C. 431, 434, 499 S.E.2d 229, 231 (Ct. App. 1998) (finding "the issue of constitutionality was not preserved for review" because the family court did not make a "specific ruling on the constitutionality of the pertinent statutes"); *Wierszewski v. Tokarick*, 308 S.C. 441, 444 n.2, 418 S.E.2d 557, 559 n.2 (Ct. App. 1992) ("An issue is not preserved for appeal merely because the trial court mentions it.").

**AFFIRMED.**

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.