**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Clifford Pasley, Claimant/Appellant,

v.

TransAgri, Inc./Leonard Enterprises, Employer,

and

South Carolina Uninsured Employer's Fund, Insurer,
Respondents.

Appellate Case No. 2016-000422

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2019-UP-063
Submitted January 1, 2019 – Filed February 6, 2019

**AFFIRMED**

Frank Anthony Barton, of West Columbia, for Appellant.

Margaret Mary Urbanic, of Clawson & Staubes, LLC, of Charleston, for Respondents.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Thomas v. 5 Star Transp.*, 412 S.C. 1, 9, 770 S.E.2d 183, 187 (Ct. App. 2015) ("In workers' compensation cases, the Appellate Panel is the ultimate finder of fact."); *Adams v. Texfi Indus.*, 341 S.C. 401, 404, 535 S.E.2d 124, 125 (2000) ("Courts will not overturn the factual findings of the [Appellate Panel] unless they are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."); *Thomas*, 412 S.C. at 9, 770 S.E.2d at 187 ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (alteration by court) (quoting *Palmetto Alliance, Inc. v. S.C. Pub. Serv. Comm'n*, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984))); *Adams*, 341 S.C. at 404, 535 S.E.2d at 125 ("'Substantial evidence' is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action." (quoting *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981))); *Thomas*, 412 S.C. at 9, 770 S.E.2d at 187 ("When the evidence is conflicting over a factual issue, the findings of the Appellate Panel are conclusive.").[1]

**AFFIRMED.**[2]

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[1] Clifford Pasley's argument that his workplace injury aggravated a preexisting condition is unpreserved. *See Robbins v. Walgreens*, 375 S.C. 259, 266, 652 S.E.2d 90, 94 (Ct. App. 2007) ("[M]atter[s] . . . not argued before the single commissioner or the Appellate Panel [are] waived . . . . It is not appropriate for this court to review the issue for the first time on appeal.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.