**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Sarah White, Employee, Appellant,

v.

NHC Parklane, Employer, and Premier Group Insurance,
Carrier, Respondents.

Appellate Case No. 2017-001757

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2019-UP-246
Submitted April 1, 2019 – Filed July 3, 2019

———————

**AFFIRMED**

———————

Thomas Jefferson Goodwyn, Jr., of Goodwyn Law Firm,
LLC, of Columbia; and Christopher James Archer, of
Salley Law Firm, P.A., of Lexington, both for Appellant.

Clarke W. McCants, III and Amy Patterson Shumpert,
both of Nance, McCants & Massey, of Aiken, for
Respondents.

———————

**PER CURIAM:** Sarah White argues the Appellate Panel of the South Carolina
Workers' Compensation Commission (the Appellate Panel) erred in denying her
claim for benefits because evidence in the record showed (1) she suffered both an

aggravation of a preexisting injury or condition and a new injury and (2) the only medical opinions in the record supported that her diagnoses were causally related to the workplace injury. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issue one: *Thomas v. 5 Star Transp.*, 412 S.C. 1, 9, 770 S.E.2d 183, 187 (Ct. App. 2015) ("In workers' compensation cases, the Appellate Panel is the ultimate finder of fact."); *Adams v. Texfi Indus.*, 341 S.C. 401, 404, 535 S.E.2d 124, 125 (2000) ("Courts will not overturn the factual findings of the [Appellate Panel] unless they are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."); *Thomas*, 412 S.C. at 9, 770 S.E.2d at 187 ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (alteration by court) (quoting *Palmetto All., Inc. v. S.C. Pub. Serv. Comm'n*, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984))); *Adams*, 341 S.C. at 404, 535 S.E.2d at 125 ("'Substantial evidence' is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action." (quoting *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981))); *Thomas*, 412 S.C. at 9, 770 S.E.2d at 187 ("When the evidence is conflicting over a factual issue, the findings of the Appellate Panel are conclusive.").

2. As to issue two: *Burnette v. City of Greenville*, 401 S.C. 417, 427, 737 S.E.2d 200, 206 (Ct. App. 2012) ("Although medical evidence 'is entitled to great respect,' the [Appellate Panel] is not bound by the opinions of medical experts and may disregard medical evidence in favor of other competent evidence in the record." (quoting *Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 23, 716 S.E.2d 123, 126 (Ct. App. 2011))); *Pack v. State Dep't of Transp.*, 381 S.C. 526, 536, 673 S.E.2d 461, 466-67 (Ct. App. 2009) ("The [Appellate Panel] need not accept or believe medical or other expert testimony, even when it is unanimous, uncontroverted, or uncontradicted.").

**AFFIRMED.**

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.