**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Seeahray Brailsford, Employee, Claimant, Appellant,

v.

Piggly Wiggly Carolina Company, Inc., Employer, and Constitution State Service Company as TPA for Greenbax Enterprise Inc., Carrier, Respondents.

Appellate Case No. 2017-001027

---

Appeal From The Workers' Compensation Commission

---

Unpublished Opinion No. 2019-UP-299
Submitted June 1, 2019 – Filed August 21, 2019

---

**AFFIRMED**

---

Seeahray Brailsford, of Newberry, pro se.

Michael E. Chase and Carmelo Barone Sammataro, both of Turner Padget Graham & Laney, PA, of Columbia, for Respondents.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Thomas v. 5 Star Transp.*, 412 S.C. 1, 9, 770 S.E.2d 183, 187 (Ct. App. 2015) ("In workers' compensation cases, the Appellate Panel is the ultimate finder of fact."); *Adams v. Texfi Indus.*, 341 S.C. 401, 404, 535 S.E.2d 124, 125 (2000)

("Courts will not overturn the factual findings of the [Appellate Panel] unless they are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."); *id.* ("'Substantial evidence' is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action." (quoting *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981))); *Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 22, 716 S.E.2d 123, 126 (Ct. App. 2011) ("The Appellate Panel is reserved the task of assessing the credibility of the witnesses and the weight to be accorded evidence."); *Thomas,* 412 S.C. at 9, 770 S.E.2d at 187 ("When the evidence is conflicting over a factual issue, the findings of the Appellate Panel are conclusive.").[1]

**AFFIRMED.**[2]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] To the extent Brailsford argues her workplace injury caused her liver disease, this argument is unpreserved. *See Robbins v. Walgreens*, 375 S.C. 259, 266, 652 S.E.2d 90, 94 (Ct. App. 2007) ("[M]atter[s] . . . not argued before the single commissioner or the Appellate Panel [are] waived . . . . It is not appropriate for this court to review the issue for the first time on appeal.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.