**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Helen Brown, Claimant, Appellant,

v.

Walmart Inc., Employer, and New Hampshire Insurance Company, Carrier, Respondents.

Appellate Case No. 2022-000963

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2024-UP-154
Submitted April 1, 2024 – Filed May 1, 2024

———————

**AFFIRMED**

———————

George Albert Taylor, of Smith Born Leventis Taylor & Vega, of Columbia, for Appellant.

Johnnie W. Baxley, III, of Willson Jones Carter & Baxley, P.A., of North Charleston, for Respondents.

———————

**PER CURIAM:** Helen Brown appeals an order of the Appellate Panel of the South Carolina Workers' Compensation Commission upholding a finding by the single commissioner that she failed to show injuries to her left shoulder and left arm were causally related to an admitted workplace accident. We affirm pursuant to Rule 220(b), SCACR.

Brown received x-rays of her left forearm and humerus when she went to the hospital on the day of her accident, supporting her contention that she complained of "arm, upper arm, or shoulder pain" when she was injured. These x-rays, however, did not show signs of trauma to her left shoulder or left arm. Furthermore, although Brown provided testimony contradicting various medical reports that indicated she did not mention the pain in her left shoulder and left arm until approximately seven months after her accident, the appellate panel gave greater weight to the reports than to Brown's statements, and this court lacks the authority to override that decision. *See Pratt v. Morris Roofing, Inc.*, 357 S.C. 619, 622, 594 S.E.2d 272, 273-74 (2004) ("It is not the task of [the appellate court] to weigh the evidence as found by the full commission[,] and [the appellate court] must affirm the findings of fact made by the commission if they are supported by substantial evidence."); *Shealy v. Aiken Cnty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the Full Commission.").

The record also included (1) x-rays and an MRI that showed Brown's shoulder was affected by chronic conditions and degenerative changes rather than a traumatic accident and (2) opinions from Brown's treatment providers that the pain in her left shoulder and left arm were not causally related to her accident. Notably, although Dr. Paul Rush, one of the physicians who treated Brown's left shoulder, agreed Brown's fall could have aggravated pre-existing conditions in her left shoulder and left upper arm area, he also stated that the symptoms would have manifested themselves within a few weeks after her fall. Moreover, Dr. Rush described the symptoms he observed in Brown's left shoulder as chronic and progressive symptoms that were not necessarily caused by trauma and would not manifest themselves soon after an injury. Similarly, Dr. Gregory Palutsis, another of Brown's treating physicians, testified (1) pain from a traumatic injury to the shoulder would have manifested itself within a few days, and (2) evidence that Brown did not report pain in her left shoulder to a physician until seven months after her accident led him to believe her complaints about her left shoulder were not causally related to her fall. We hold the deposition testimonies of both Dr. Rush and Dr. Palutsis constituted substantial evidence, when considering the record as a whole, that warrants upholding the appellate panel's decision to deny Brown's claims as to her left shoulder and left arm. *See Adams v. Texfi Indus.*, 341 S.C. 401, 404, 535 S.E.2d 124, 125 (2000) ("'Substantial evidence' is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action." (quoting *Lark v. Bi-Lo, Inc.*, 276 S.C. 130,

135, 276 S.E.2d 304, 306 (1981))).  Finally, although Dr. Carl D. Geier, Jr., determined Brown's left shoulder injury was causally related to her accident, the appellate panel expressly stated it did not accord a great deal of weight to his opinions and acted within its authority in making this decision.  *See Shealy*, 341 S.C. at 455, 535 S.E.2d at 442 ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the Full Commission.").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.